GREGORY A. BROWER
United States Attorney
JAMES E. KELLER
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438
Fax (775) 784-5181

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:08-CR-00128-ECR-RAM |
| Plaintiff, | |
| vs. | EX PARTE MOTION AND ORDER TO PRESERVE EVIDENCE |
| CRISPIN PACHECO and GUSTAVO RENTERIA-SEGURA, a/k/a "Tavo," | |
| Defendants. | |

COMES NOW the United States of America, by and through GREGORY A. BROWER, United States Attorney, and James E. Keller, Assistant United States Attorney, and files this ex parte motion on behalf of the United States to request this Court to order the United States Drug Enforcement Administration to preserve evidence seized in the above-entitled matter. This request is made due to the Drug Enforcement Administration's notice that they intend to destroy narcotics or controlled substances in the above-entitled matter. *See* Attachment A.

Defendant Pacheco is set for trial on January 12, 2010, but has not inspected the methamphetamine (or other physical evidence) through counsel in this case to date. Defendant Renteria-Segura is presently a fugitive. However, when apprehended, his counsel has a right to inspect the same in anticipation of trial. Thus, any destruction of evidence -- including, without limitation, DEA's destruction of any amount of controlled substances in this case -- would hamper any prosecution efforts, thus necessitating this request for an Order of the Court.

1  Therefore, it is requested that all evidence seized in the above-entitled matter be stored
2  and kept free of destruction until requested by the U.S. Attorney's Office or further Order of this Court.
3  DATED this 29th day of September, 2009.

Respectfully submitted,

GREGORY A. BROWER
United States Attorney

JAMES E KELLER
Assistant United States Attorney

IT IS SO ORDERED.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE

9-30-09

# Attachment A



**U. S. Department of Justice**
Drug Enforcement Administration
Los Angeles Field Division
255 East Temple Street, 17th Floor
Los Angeles, California 90012
(213) 621-6700

The Honorable Greg A. Brower
United States Attorney
333 Las Vegas Blvd., Suite 5000
Las Vegas, NV 89101

AUG 28 2009

Dear Mr. Brower:

The Drug Enforcement Administration notified your office that pursuant to Title 21, USC, Section 881(f)(2), bulk drug evidence seized under DEA case number RA-08-0051/Exhibit 4 would be destroyed according to established procedures.

Additionally, the letter advised your office that a request for exception from destruction must be directed in writing to my attention. The Los Angeles Field Division has received your letter dated February 28, 2009, requesting a delay in destruction of the bulk drugs in the aforementioned case.

DEA's official policy regarding the retention of bulk drug evidence, issued by DEA's Office of Chief Counsel on January 14, 2004, notes that general considerations of jury appeal, forestalling future legal challenges, and general practices within a given judicial district are not valid reasons to grant an exception to the general Department of Justice (DOJ) policy requiring the destruction of bulk drug evidence, as set forth at 28 C.F.R. § 50.21. The DOJ policy does provide for an exception to the destruction requirement for bulk drug evidence, however, if the United States Attorney (USA) can demonstrate that "retaining only a threshold amount or representative sample will significantly affect any legal proceedings." 28 C.F.R. § 50.21(f)(2). As the DEA policy states:

> [I]n a unique case, a USA or DA may be able to demonstrate with specific facts related to the criminal prosecution that the impact of the bulk evidence on jury appeal or to resolve expected legal challenges would have a significant affect upon the prosecution such that the preservation of bulk drug evidence is justified. If so, DEA's Special Agents in Charge may exercise their discretion to grant such a request based upon the USA's or DA's specific justifications. However, consistent with DOJ's destruction policy, unsubstantiated, broad claims are insufficient to justify the preservation of bulk drug evidence and requests based thereon should be denied.

Based upon a thorough review of your letter, your request for delay in the destruction of the bulk drugs under this case is denied.

You may request an appeal of this denial to the Assistant Attorney General of the Criminal Division, Chief of Narcotics and Dangerous Drugs and should be transmitted in an electronic format to Destruction_Appeals@usdoj.gov using the new standardized appeal form (attached). If you decide to appeal, please forward a copy of the appeal request to me. If a copy of the appeal request is not received within 30 days, destruction of the evidence will be initiated.

                                      Sincerely,

                                    Mike Quinn
                                    Acting Special Agent in Charge

cc: James E. Keller, AUSA
    Ron Rachow, AUSA
    Scott Oulton, DEA Southwest Laboratory
    SA Maria Zavala, DEA Bulk Drug Evidence Technician
    Karen Rossi, Alternate Evidence Custodian, Reno RO
    SA Craig Bushno, Reno RO