AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA
vs.
VICTOR OROZCO-VARGAS,

**THE DEFENDANT**:

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 03:08-CR-128-ECR-VPC
USM NUMBER: 43162-048

Vito de la Cruz
DEFENDANT'S ATTORNEY

( X ) pled guilty to count ONE (1) of Superseding Indictment filed February 4, 2009
(   ) pled nolo contendere to count(s) _____ which was accepted by the court.
(   ) was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1and (b)(1)(A)(viii), and 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance, Methamphetamine | Nov, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through **7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

(   ) The defendant has been found not guilty on count(s) _____
( X ) Count Two (2) of Superseding Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**Each separate page is signed and dated
by the presiding Judicial Officer

February 16, 2010
Date of Imposition of Judgment

Edward C. Reed
Signature of Judge

EDWARD C. REED, JR., SENIOR USDJ
Name and Title of Judge

February 19, 2010
Date

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT:   OROZCO-VARGAS, VICTOR
CASE NUMBER: 03:08-CR-128-ECR

Judgment - Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   EIGHTY-FIVE (85) MONTHS

( X )   The Court makes the following recommendations to the Bureau of Prisons: THAT defendant receive credit for all time served in federal custody in connection with this offense; THAT defendant receive some sort of drug training to enable him to realize the affect of drugs, and the harm imposed on other people by dealing with drugs; THAT defendant be incarcerated at a facility in the State of Colorado.
   In the event this recommendation cannot be complied with, the Court requests that the Bureau of Prisons provide a written explanation to the Court.

( X )   The defendant is remanded to the custody of the United States Marshal.

( )   The defendant shall surrender to the United States Marshal for this district:
   ( )   at _____ a.m./p.m. on _____
   ( )   as notified by the United States Marshal.

( )   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ( )   before 2 p.m. on _____
   ( )   as notified by the United States Marshal.
   ( )   as notified by the Probation of Pretrial Services Office.

Dated this  19  day of February, 2010

_Edward C. Reed_
EDWARD C. REED, JR., SENIOR USDJ

RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY:  _____
     Deputy United States Marshal

AO 245B   (Rev 09/08) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:   OROZCO-VARGAS, VICTOR
CASE NUMBER:   03:08-CR-128-ECR

Judgment - Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons, if not deported.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substances. Revocation of supervision is mandatory for possession of illegal controlled substances. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
(X)   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
(X)   The defendant shall cooperate in the collection of DNA as directed by the probation officer.
( )   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
( )   The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### SEE ADDITIONAL CONDITIONS OF SUPERVISED RELEASE ON PAGE 4
### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Dated this 19 day of February, 2010

_____
EDWARD C. REED, JR., SENIOR USDJ

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: OROZCO-VARGAS, VICTOR | Judgment - Page 4 |
| CASE NUMBER: 03:08-CR-128-ECR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Illegal Controlled Substance - Defendant shall not possess illegal controlled substances.

2. Possession of Weapon - Defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

3. Warrantless Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant, at a reasonable time, and in a reasonable manner. Provided, however, defendant shall be required to submit to any such search only if the probation officer has reasonable suspicion to believe defendant has violated a condition or conditions of release.

4. Report to Probation Officer After Release from Custody - If not deported, defendant shall report, in person, to the probation office in the District to which he is released within 72 hours of discharge from custody.

5. Immigration Compliance - If defendant is deported, he shall not reenter the United States without legal authorization. If defendant does reenter the United States, with or without legal authorization, he shall report in person to the probation office in the district of reentry within 72 hours.

6. Denial of Federal Benefits for Drug Possessors - 21 U.S.C. 862(b).

    (A)   the defendant shall be ineligible for all federal benefits for a period of TEN (10) YEARS;

Dated this 19 day of February, 2010

*Edward C. Reed* (signature)
EDWARD C. REED, JR., SENIOR USDJ

AO 245B   (Rev 09/08) Judgment in a Criminal Case
    Sheet 5 - Criminal Monetary Penalties

DEFENDANT: OROZCO-VARGAS, VICTOR
CASE NUMBER: 03:08-CR-128-ECR

Judgment - Page 5

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | $ | $ |

( )  On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )  The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( )  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS | : $_____ | $_____ | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    the interest requirement is waived for the:  ( ) fine  ( ) restitution.
    the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Dated this 19 day of February, 2010

_____
EDWARD C. REED, JR., SENIOR USDJ

AO 245B   (Rev 09/08) Judgment in a Criminal Case
     Sheet 6 - Schedule of Payments

DEFENDANT:   OROZCO-VARGAS, VICTOR                                              Judgment - Page 6
CASE NUMBER: 03:08-CR-128-ECR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     ( X )     Lump sum payment of $ __100.00_____ due immediately, balance due
                  ( )    not later than _____ ; or
                  ( )    in accordance with ( ) C, ( ) D, or ( ) E below; or

B     ( )     Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C     ( )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ ____
                  _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or
                  60 days) after the date of this judgment; or

D     ( )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of __
                  _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment
                  to a term is supervision; or

E            Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after
                  release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability
                  to pay at that time; or

F     ( )     Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.


( )     Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


( )     The defendant shall pay the cost of prosecution.

( )     The defendant shall pay the following court cost(s):

( )     The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.


Dated this __19__ day of February, 2010                  *Edward C. Reed*
                                                               EDWARD C. REED, JR., SENIOR USDJ

DEFENDANT:                                                                                         Judgment - Page 7
CASE NO.:

## DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKER PURSUANT TO 21 U.S.C. § 862**

    IT IS ORDERED that the defendant shall be:

( X )   ineligible for all federal benefits for a period of ___TEN (10) YEARS___

( )   ineligible for the following federal benefits for a period of _____ (specify benefit(s)) _____

OR

( )   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:

( )   be ineligible for all federal benefits for a period of _____

( )   be ineligible for the following federal benefits for a period of _____ (specify benefit(s)) _____

( )   successfully complete a drug testing and treatment program.

( )   perform community service, as specified in the probation and supervised release portion of this judgment.

( )   Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

    Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

    U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531.

Dated this __19__ day of February, 2010                          _Edward C. Reed_
                                                                                        EDWARD C. REED, JR., SENIOR USDJ